UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00691-RJC
(3:06-cr-00006-RJC-1)

| | |
|---|---|
| **JIMMY ALONZO WRIGHT,** )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Petition for Relief under 28 U.S.C. § 2241 [CV Doc. 1][1] and the Government's Motion to Dismiss Petitioner's motion [CV Doc. 5]. Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina.

**I.    BACKGROUND**

On January 24, 2006, Petitioner Jimmy Alonzo Wright ("Petitioner") was charged in a Bill of Indictment with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Counts One and Three), two counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Counts Two and Five); and two counts of possession and brandishing of a firearm in furtherance of a crime of violence, that is, Hobbs Act robbery as charged in Counts Two and Five, all in violation of 18 U.S.C. § 924(c) (Counts Four and Six). [CR Doc. 1: Bill of Indictment].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:19-cv-00691-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:06-cr-00006-RJC-1.

The parties reached a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts Three, Four, and Five and the Government agreed to dismiss Counts One, Two, and Six. [CR Doc. 14 at 1: Plea Agreement]. The plea agreement provided, in pertinent part, that:

> [Petitioner] is aware that the statutory minimum and maximum sentences for each count are as follows:
>
> **Count Three:** a violation of 18 U.S.C. § 922(g)(1). The maximum sentence is ten years imprisonment, a $250,000 fine, and no more than three years supervised release. However, if pursuant to 18 U.S.C. § 924(e)(1), the defendant has three previous convictions by any court for a violent felony or serious drug offense, the maximum sentence is life imprisonment, and a fine of $250,000. Under Section 924(e)(1), [ ] the statutorily required minimum sentence is fifteen years imprisonment and three years supervised release.
>
> **Count Four**: a violation of 18 U.S.C. § 924(c)(1). The sentence is consecutive to any other sentence, and the maximum sentence is life imprisonment, a fine of $250,000, and five years supervised release. The statutorily required minimum sentence is 5 years imprisonment, a 250,000 fine, and no more than three years supervised release.
>
> **Count Five**: a $250,000 fine, and no more than 20 years imprisonment, or both, and no more than 5 years supervised release.

[Id. at 1-2 (emphasis in original)]. The plea agreement also provided, as to the United States Sentencing Guidelines (U.S.S.G.), that Petitioner and the Government, pursuant to Fed. R. Crim. P. 11(c)(1)(B), "stipulate and agree to the following:

> …
> c.  Notwithstanding any recommendations in the Plea Agreement as to the offense level, if the Probation Office determines from [Petitioner's] criminal history that U.S.S.G. § 4B1.1 (Career Offender) applies, that provision may be used in determining the sentence. Should a statutory minimum sentence apply, the Court shall impose a sentence no lower than that statutory minimum.
>
> d.  [Petitioner] and the United States agree that the appropriate sentence is one within "the applicable guidelines range" (U.S.S.G. § 5C1.1) for guidelines counts and that neither party will seek a

2

departure or variance from that range or from any statutory sentence, as except as provide for in ¶ 24."[2]

[CR Doc. 14 at ¶ 7]. Petitioner pleaded guilty in accordance with the plea agreement. [See CR Doc. 15: Acceptance and Entry of Guilty Plea].

Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 36: PSR]. The probation officer found that Petitioner had three qualifying prior convictions that triggered an enhancement under the Armed Career Criminal Act ("ACCA").[3] These offenses included (1) a conviction for common law robbery, (2) a conviction for first degree burglary, and (3) a conviction for breaking and entering. [Id. at ¶¶ 22, 46, 49, 50]. For Count Three, the § 922(g)(1) offense, the probation officer computed a Total Offense Level (TOL) of 30, which included consideration of Petitioner's status as an armed career criminal under U.S.S.G. §4B1.1 and a three-level reduction for acceptance of responsibility.[4] [Id. at ¶¶ 21-24]. For Count Five, the Hobbs Act robbery offense, the probation officer calculated a TOL of 29, which included an adjustment for Petitioner's career offender status from an adjusted offense level of 20 to 32 and a three-level reduction for acceptance of responsibility. [Id. at ¶¶ 30-33]. Pursuant to U.S.S.G. §3D1.3, the highest offense level applicable to the grouped counts was 30. [Id. at ¶ 34]. As to Count Four, the § 924(c) charge, the probation officer found that, because Petitioner was a career

---

[2] Paragraph 24 relates to the provision of substantial assistance by Petitioner to the United States under U.S.S.G. §5K1.1. [See CR Doc. 14 at ¶ 24].

[3] The ACCA mandates a 15-year minimum sentence (and a maximum of life in prison) for a felon who has "three previous convictions … for a violent felony or a for a serious drug offense." 18 U.S.C. § 924(e)(1). Without armed career criminal status, the mandatory maximum penalty for violation of § 922(g) is ten years. 18 U.S.C. § 924(a)(2).

[4] The probation officer applied the 2006 edition of the Guidelines Manual in preparing the PSR. Pursuant to U.S.S.G. §3D1.2(c), Counts Three and Five were grouped and the highest offense levels of those counts was the offense level for the group, U.S.S.G. §3D1.3. [CR Doc. 36 at ¶¶ 14-15].

3

offender within the meaning of U.S.S.G. §4B1.1 with multiple counts of conviction, the guideline range shall be the greater of:

> (A) the guideline range that results by adding the mandatory minimum consecutive penalty required by 18 U.S.C. § 924(c) to the minimum and the maximum of the otherwise applicable guideline range determined for the count of conviction other than 18 U.S.C. § 924(c). Based on the combined guideline range determined for Counts Three and Five, with the increase of the minimum required by 18 U.S.C.§ 924(c), the resulting guideline range is 252-294 months.[5]
>
> (B) the guideline range determined using the table in subsection (c)(3). Based on 3-level reduction pursuant to USSG §3E1.1, the guideline range is 262-327 months.

[CR Doc. 36 at ¶ 36]. The probation officer then concluded that, "[t]he range with the greatest minimum, 262-327 months, shall be the guideline range for Counts Three, Four and Five." [Id. at ¶ 37]. The probation officer concluded, therefore, that the guideline range for imprisonment was 262 to 327 months pursuant to U.S.S.G. §4B1.1(c).[6] [Id. at 73]. Finally, the PSR provided the statutory terms of imprisonment for each count: (1) a term of not less than 15 years nor more than life on Count Three, 18 U.S.C. § 924(e)(1); (2) a mandatory consecutive term of 84 months on Count Four, 18 U.S.C. § 924(c)(1)(A)(ii); and (3) a term not more than 20 years on Count Five, 18 U.S.C. § 1951. [Id. at ¶ 72].

Defense counsel objected to the PSR's ACCA enhancement on Count Three. [CR Doc. 19: Objections to PSR and Sentencing Memorandum]. Counsel argued that the offense level on Count Three was "improperly increased by an additional 9 levels as the PSR erroneously

---

[5] Here, the resulting guideline range of 252 to 294 months was based on the TOL of 30 and Criminal History Category of VI, which yielded a guidelines range of 168 to 210 months, with the 84-month mandatory minimum consecutive penalty under § 924(c) added to the minimum and maximum of that range.

[6] As such, the recommended guideline range was based on Petitioner's career offender status and the recommendation under U.S.S.G. § 4B1.1(c)(2) for Petitioner's § 924(c) conviction and not on the TOL of the grouped counts. [See id. at ¶ 73].

4

concluded that [Petitioner] was an Armed Career Criminal, and thus subject to a mandatory minimum **15 year sentence** pursuant to 18 U.S.C. § 924(e)." [Id. (emphasis in original)].

The Court sentenced Petitioner on August 30, 2007. [See CR Doc. 34: Sentencing Tr.]. At the sentencing hearing, in addressing the objections to the PSR, defense counsel stated as follows:

> Your Honor, I think at the time I filed my sentencing memorandum, the focus was whether or not [Petitioner] was an armed career criminal. At the time I did not realize the career – special career offender guidelines for a 924(c) conviction, which I think govern this case, would be the highest applicable guideline. So with that being said, we would rest on our objections that were submitted with respect to whether or not [Petitioner] was an armed career criminal and we have no further objections.

[CR Doc. 34 at 4]. In response, the Court stated, "I believe that … you're correct that the career offender provisions do provide for a higher guideline…. And with respect to the applicable guidelines to consult, it appears that based upon the application of the guidelines, that the correct guideline sentencing range would yield a 262 to 327 month range." [CR Doc. 34 at 5].

Defense counsel argued for a sentence of 262 months at the low end of the guideline range, considering the sentencing factors under 18 U.S.C. § 3553(a). [Id. at 6-7]. The Government did not advocate for a particular sentence within the recommended range but did refute some of the sentencing factors argued by defense counsel. [See id. at 8-9]. The Court adopted the PSR without change and sentenced Petitioner to a term of imprisonment of 180 months on each of Counts Three and Five, to run concurrently, and a term of imprisonment of 84 months on Count Four, to run consecutively to the terms imposed on Counts Three and Five, for a total term of imprisonment of 264 months. [CR Doc. 25 at 2: Judgment]. In sentencing the Petitioner, the Court stated that the 264-month sentence was "sufficient but not greater than necessary to accomplish the sentencing

5

objectives in 18 U.S.C. § 3553(a)." [CR Doc. 34 at 9-10]. The Court provided the following examination of the § 3553(a) sentencing factors in informing Petitioner's sentence:

> The sentence takes into account the nature and seriousness of this offense. This possession of a firearm was in the context of two robberies on August 20th and then a third robbery incident in which apparently the defendant gave a gun to an accomplice ultimately leading to a clerk being shot in the stomach. Very serious conduct and shows the wisdom of the prohibition of felons possessing firearms and anyone using or carrying a firearm during the commission of a crime of violence.
>
> The sentence also takes into consideration the history and characteristics of the defendant, including apparently his long-term drug addiction, the fact that he was cooperative once he was charged with this offense, all of which were taken into consideration in this low sentence. But it also takes into consideration not only that history and characteristics, but the defendant's lengthy criminal history. The fact that he has frequently committed offenses, been put on probation, violated probation by committing other offenses, and showing a substantial disregard for the law with the offenses increasing in severity and including robbery, assaults, a burglary, and a breaking and entering, which offenses occurred separate from one another and involved different locations and different victims. All told, the criminal history of the defendant shows the court that there is a need to protect the public from further criminal activity of the defendant and that as someone who has continually violated the law, that there's a need to – the need to punish the defendant is exacerbated.

[Id. at 10-11]. Judgment on Petitioner's conviction was entered on September 11, 2007. [CR Doc. 25].

Petitioner appealed his sentence and conviction, arguing this Court erred in finding Petitioner a career offender and an armed career criminal for sentencing purposes. [CR Docs. 27, 38]. Finding that Petitioner failed to meet his burden of establishing that the information this Court relied upon in determining Petitioner's career offender status was incorrect, the Fourth Circuit declined to address Petitioner's ACCA argument because "the alleged error is harmless in

6

light of [Petitioner's] status as a career offender." United States v. Wright, 274 Fed. App'x 321, 322 (4th Cir. 2008).

Over four years later, on July 26, 2012, Petitioner filed a pro se Motion to Vacate, Set Aside, or Correct Sentence under Section 2255. [Civil Case No. 3:12-cv-00460-RJC, Doc. 1]. Petitioner argued, in part, that he no longer qualified as a career offender under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). In Simmons, the Fourth Circuit, overturning circuit precedent, held that an offense qualifies as a "felony drug offense" for purposes of § 841(b)(1), and is punishable by more than one year in prison, only if the individual defendant could have received a sentence of more than one year in prison, not if some hypothetical defendant could have received such a sentence. This Court found Petitioner's § 2255 motion was untimely under 28 U.S.C. § 2255(f)(3) and denied it alternatively on the merits. [Id., Doc. 41 at 2-4]. The Fourth Circuit dismissed Petitioner's appeal [Id., Doc. 43] and the Supreme Court denied Petitioner's petition for writ of certiorari in November 2015. Wright v. United States, 136 S. Ct. 425 (2015).

On June 23, 2016, Petitioner filed another motion to vacate under § 2255 with authorization from the Fourth Circuit to file a successive § 2255 motion. [Civil Case No. 3:16-cv-00454-RJC, Docs. 1, 1-1]. In this petition, Petitioner argued that he did not qualify as an armed career criminal because his prior convictions for North Carolina common law robbery and North Carolina breaking and entering do not qualify as ACCA predicates under Johnson v. United States, 135 S. Ct. 2551 (2015), and Simmons. Petitioner also argued that his § 924(c) conviction was invalid pursuant to Johnson because Hobbs Act robbery is not a crime of violence under § 924(c)'s force clause. The case was stayed for three years pending the Fourth Circuit's decisions in United States v. Ali, No. 15-4433 (4th Cir.) or United States v. Simms, No. 15-4640 (4th Cir.). [Id., Doc. 5]. Petitioner later acknowledged that his § 924(c) challenge was foreclosed by United States v.

7

Mathis, 932 F.3d 242, 266 (4th Cir. 2019), which held that Hobbs Act robbery remains a crime of violence. [See id., Doc. 12]. Petitioner, however, maintained his Simmons challenge to the ACCA enhancement, but acknowledged that because Simmons is a statutory rather than a constitutional decision, the claim should be addressed in a § 2241 petition pursuant to United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). On December 18, 2019, while this second § 2255 motion was still pending, Petitioner filed the instant motion for relief under § 2241.[7] [CV Doc. 1]. The Court dismissed Petitioner's second § 2255 motion without prejudice to litigate the claim in the instant proceedings. [Civil Case No. 3:16-cv-460, Doc. 14 at 8].

In the petition before the Court, Petitioner maintains that his sentence is based on an erroneously applied mandatory minimum and that he is entitled to § 22441 relief under Simmons and Wheeler. [CV Doc. 1 at 1]. Petitioner asks the Court to vacate his sentence on all counts and to resentence him without the ACCA's 15-year mandatory minimum sentence. [Id.]. The Court ordered the Government to answer Petitioner's petition under 28 U.S.C. § 2241. [CV Doc. 4]. The Government moved to dismiss [CV Doc. 5], Petitioner responded [CV Doc. 7], and the Government replied [CV Doc. 8].

The matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

[7] The Government has waived any venue objection it may have had to this case not having been filed in Petitioner's district of confinement. [See CV Doc. 1 at 1-2].

8

## III. DISCUSSION

Section 2255 is generally the proper means of collaterally attacking the validity of a federal conviction or sentence. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

By contrast, § 2241 is a means of attacking the way a sentence is executed. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). The Fourth Circuit recognized in In re Jones, 226 F.3d 328 (4th Cir. 2000), however, that where § 2255 is inadequate or ineffective to test the legal validity of a petitioner's conviction, the "savings clause" § 2255(e) permits a petitioner to seek relief under § 2241. In re Jones, 226 F.3d at 333. Section 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of [the Fourth Circuit or] the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429 (citation omitted). These requirements are jurisdictional. That is, their satisfaction determines whether a petition for sentencing relief under § 2241 may be "entertained to begin with," not whether a petitioner is entitled to relief thereunder. See id. 886 F.3d at 425, 434.

9

In Wheeler, the petitioner had been subject to a later Simmons-invalidated career offender sentencing enhancement due to a prior felony drug conviction, which increased his mandatory minimum sentence to 120 months. See Wheeler, 886 F.3d at 419 (citing 21 U.S.C. § 841(b)(1)(B)). Without the prior felony conviction, the petitioner's statutory minimum would have been five years. Wheeler, 886 F.3d at 430. In imposing the mandatory minimum sentence of 120 months at sentencing, the district court noted, "[T]he sentence that is required to be imposed upon you is a harsh sentence. It's a mandatory minimum sentence. I don't have any discretion in that area." Id. at 420 (citation omitted). Under those circumstances, the Fourth Circuit found that the increase in the petitioner's mandatory minimum was sufficiently grave to be deemed a fundamental defect, thereby satisfying the fourth Wheeler prong, and ordered that petitioner "may pass through the savings clause portal and have the § 2241 petition addressed on the merits." 886 F.3d at 434.

Here, regardless of other potential bars, waivers, or impediments to Petitioner's claim for relief under § 2241, as argued by the Government [Doc. 5 at 7-12, 13-15, Doc. 8 at 5-7, 9-10], Petitioner cannot satisfy the fourth Wheeler prong. Petitioner's sentence in this case simply does not "present an error sufficiently grave to be deemed a fundamental defect." See Wheeler, 886 F.3d at 429. As outlined above, Petitioner's sentence was ultimately based on Petitioner's career offender status within the meaning of U.S.S.G. §4B1.1 and the guideline range recommended by subsection (c)(3) of that provision. The guideline range was 262 to 327 months. Petitioner was sentenced to 180 months on each of Counts Three and Five, to be served concurrently, and a consecutive term of 84 months on Count Four, for a total term of imprisonment of 264, at the low end of the guidelines range. While the individual sentence imposed on Count Three of 180 months exceeded the ten-year statutory maximum of under 18 U.S.C. § 924(e)(1) absent an ACCA designation, the total sentence remains lawful.

"District courts must make an independent determination that a Guidelines sentence, even one based on a career offender designation, would 'comport with the sentencing standard set forth in 18 U.S.C. § 3553(a).'" United States v. Foote, 784 F.3d 931, 941 (4th Cir. 2015) (quoting Hawkins v. United States, 706 F.3d 820, 823 (7th Cir. 2013)). Further, "[d]istrict courts may not even presume a within-Guidelines sentence is reasonable." Id. (citing Nelson v. United States, 555 U.S. 350, 352, 129 S. Ct. 890 (2009) ("The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable." (emphasis in original))). "[A] district court's error in its sentencing calculations is harmless if the court also provided justification for the sentence based on the § 3553(a) sentencing factors." Id. (citation omitted).

To be sure, district courts are free to vary from the career-offender based sentencing range, and the Fourth Circuit has affirmed their decisions to do so. Id. (citations omitted). Relief afforded under § 2241 through the savings clause should be no more expansive than that allowed by § 2255. Here, the Court is without basis to allow relief under § 2241 where this Court aptly justified its sentence based on § 3553(a) sentencing factors, the sentence imposed was within a guideline range determined by Petitioner's career offender status (and not by any potentially erroneous armed career criminal status), and the sentence imposed was at the low end of such guidelines range. Namely, as provided by the Fourth Circuit on Petitioner's direct appeal from his conviction and sentence, therefore, "the alleged [ACCA] error is harmless in light of [Petitioner's] status as a career offender." Wright, 274 Fed. App'x at 322.

In sum, Petitioner has not shown he is entitled to relief under 28 U.S.C. § 2241. The Court will, therefore, deny and dismiss Petitioner's § 2241 petition and grant the Government's motion to dismiss.[8]

---

[8] The Court notes that even if Petitioner could establish jurisdiction to review his § 2241 claim under Wheeler, this Court would decline to review it under the concurrent sentence doctrine. See United States

**IT IS THEREFORE ORDERED** that:

1. Petitioner's Petition for Relief Under 28 U.S.C. § 2241 [Doc. 1] is **DENIED** and **DISMISSED**.

2. The Government's Motion to Dismiss [Doc. 5] is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 8, 2020

Robert J. Conrad, Jr.
United States District Judge

---

v. Charles, 932 F.3d 153, 155 (4th Cir. 2019) ("The 'concurrent sentence doctrine' authorizes a court to leave the validity of one concurrent sentence unreviewed when another is valid and carries the same or greater duration of punishment so long as there is *no substantial possibility* that the unreviewed sentence will adversely affect the defendant or, stated otherwise, so long as it can be foreseen *with reasonable certainty* that the defendant will suffer no adverse collateral consequences by leaving it unreviewed.") (emphases in original).