UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00691-RJC
(3:06-cr-00006-RJC-1)

| | |
|---|---|
| JIMMY ALONZO WRIGHT,  )<br>  )<br>Petitioner,  )<br>  )<br>vs.  )<br>  )<br>UNITED STATES OF AMERICA,  )<br>  )<br>Respondent.  )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on remand from the Fourth Circuit Court of Appeals [CV Doc. 14],[1] Petitioner's Motion for Expedited Ruling on the Merits [CV Doc. 16], the Government's Motion to Hold Petitioner's Habeas Petition in Abeyance [CV Doc. 17], and Petitioner's Motion, in the Alternative, for Habeas Bond [CV Doc. 21].

On June 20, 2006, Petitioner Jimmy Alonzo Wright ("Petitioner") pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951, and one count of possessing and brandishing a firearm in furtherance of a crime of violence, Hobbs Act robbery, in violation of 18 U.S.C. § 924(c). [CR Doc. 14 at 1: Plea Agreement; CR Doc. 15: Acceptance and Entry of Guilty Plea; see CR Doc. 1: Bill of Indictment]. At sentencing, the Court determined that Petitioner was an armed career criminal and a career offender and sentenced him to concurrent 180-month sentences on the Hobbs Act robbery and felon-in-possession convictions and a consecutive 84-month sentence on

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:19-cv-00691-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:06-cr-00006-RJC-1.

the § 924(c) conviction, for a total sentence of 264 months. [CR Doc. 25].

The Fourth Circuit affirmed Petitioner's conviction and sentence on direct appeal. [CR Doc. 38]. This Court denied Petitioner's 2012 motion to vacate pursuant to 28 U.S.C. § 2255, which challenged his career offender status under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and his successive 2016 motion to vacate. [CR Docs. 40-41, 46-47].

In December 2019, relying on Simmons and United States v. Wheeler, 886 F.3d 415 (4th Cir 2018), Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241, challenging the 180-month ACCA sentence on his felon-in-possession conviction. [CV Doc. 1]. Petitioner claimed relief through the savings clause in 28 U.S.C. § 2255(e), because § 2255 was inadequate or ineffective to test the legality of his sentence. [See id. at 6-7. 10]. This Court dismissed Petitioner's petition, holding that it lacked jurisdiction because Petitioner could not satisfy the fourth Wheeler factor. That is, Petitioner could not show an error "sufficiently grave to be deemed a fundamental defect." [CV Doc. 9 at 10]. Petitioner appealed and the Fourth Circuit found that "an erroneous increase in the mandatory minimum constitutes grave error regardless of whether the defendant's sentence ultimately falls within the Guidelines range." [CV Doc. 14 at 4]. On May 11, 2022, the Fourth Circuit vacated and remanded the case for this Court to adjudicate Petitioner's § 2241 petition on the merits.[2] [Id. at 5].

On May 16, 2022, the Supreme Court granted certiorari in Jones v. Hendrix, No. 21-857, which will address whether savings clause relief extends to "new rules" of statutory interpretation, as provided in Simmons. In Hendrix, the Eighth Circuit held that 28 U.S.C. § 2255 was not inadequate or ineffective to test the legality of a prisoner's detention where the prisoner could not meet the requirements in 28 U.S.C. § 2255(h)(2) for filing a successive habeas petitioner because

---

[2] Mandate issued on July 6, 2022. [CV Doc. 15].

the "new rule" on which he relied was one of statutory interpretation, rather than constitutional law. Hendrix, 8 F.4th 683, 687-88 (8th Cir. 2021). Circuit courts are split on this issue. See id. 686-87.

Petitioner has moved the Court to immediately grant relief on the merits of his § 2241 petition and to impose a sentence of time served or, in the alternative, to schedule an expedited resentencing hearing. [CV Doc. 16]. Petitioner also moved, in the alternative, to grant habeas bond. [CV Doc. 21]. Petitioner argues that the Court should immediately grant Petitioner's § 2441 petition, enter an amended judgment of time served, and "if the Supreme Court decides [Hendrix] in a way that calls into question the outcome of [Petitioner's] proceedings, the government would have the ability to seek reinstatement of [his] original sentence, at which point he could be reincarcerated to serve out the remainder of his current sentence." [CV Doc. 16 at 3, 5]. Petitioner argues that "continued delay would cause substantial and irreparable harm to [Petitioner] because it would be impossible for him to recover the time he spends in prison awaiting the Supreme Court's decision in [Hendrix]." [CV Doc. 19 at 3 (citing United States v. Pettiford, 612 F.3d 270 (4th 2010))].

The Government, on the other hand, has moved to stay these proceedings pending the Supreme Court's decision in Hendrix. [CV Doc. 17]. The Government argues that, "[b]ecause [Petitioner's] claim that he was improperly sentenced as an armed career criminal relies on his assertion of a 'new rule' of statutory interpretation, as set forth in Simmons, his habeas petition presents the same issue the Supreme Court is poised to address in Hendrix." [CV Doc. 17 at 4 (internal citation omitted)]. And, if the Supreme Court decides that the savings clause does not apply to new rules of statutory construction, this Court will not have jurisdiction to grant the relief Petitioner seeks. [Id.].

A court has the inherent authority to stay proceedings of a case, which is "incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The decision to grant a stay is "generally left to the sound discretion of district courts," Schriro v. Landrigan, 550 U.S. 473 (2007), and involves a balancing "of various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket," United States v. Georgia Pac. Corp, 562 F.2d 294, 296 (4th Cir. 1977). The Court should consider (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits or a substantial case on the merits ; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies. Wolfe v. Clarke, 819 F.Supp.2d 574, 578 (E.D. Va. Nov. 22, 2011) (citing Hilton v. Braunskill, 481 U.S. 770, 776, 778 (1987)). However, "a federal court necessarily acts *ultra vires* when it considers the merits of a case over which it lacks subject-matter jurisdiction." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005); see Wheeler, 886 F.3d at 426 (holding "the savings clause requirements are jurisdictional").

The Court will grant the Government's motion to stay this matter pending the Supreme Court's decision in Hendrix, deny Petitioner's motion to expedite and alternative motion for habeas bond.[3] The Court cannot ignore – and Petitioner does not dispute – that Hendrix may very

---

[3] The Court is not persuaded to grant habeas bond for Petitioner**.** Habeas bond may be available where "extraordinary or exceptional circumstances" render bond "necessary to make habeas remedy effective." Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001). The bulk of authority on this point involves habeas petitioners seeking release on bail pending decision on challenges to INS orders of removal. See e.g., id. Petitioner cites no authority supporting application of such relief in circumstances comparable to his [see CV Doc. 21] and the Court declines to extend this relief where it may lack jurisdiction to decide the merits of Petitioner's petition in the first place.

4

well foreclose this Court's jurisdiction to consider Petitioner's § 2241 petition on the merits, as the Court has been directed by the Fourth Circuit to do. Moreover, in remanding the case, the Fourth Circuit "express[ed] no view as to the merits of Wright's petition." [CV Doc. 14 at 5]. The Court recognizes Petitioner's potentially untoward confinement should the Supreme Court resolve the Circuit split in his favor. This result is, however, an unfortunate incident to the current posture and nature of the law affecting the outcome of this case. See Wolfe v. Clarke, 819 F.Supp.2d 574 (E.D. Va. Nov. 22, 2011) (granting stay pending appeal from district court order granting habeas petition and vacating all of petitioner's convictions and sentences even where stay resulted in additional incarceration).

**IT IS, THEREFORE, ORDERED** that:

(1) The Government's Motion to Hold Petitioner's Habeas Petition in Abeyance [Doc. 17] is **GRANTED** and this matter is stayed pending the Supreme Court's decision in Jones v. Hendrix, No. 21-857.

(2) Petitioner's Motion for Expedited Ruling on the Merits [Doc. 16] and Petitioner's Motion, in the Alternative, for Habeas Bond [Doc. 21] are **DENIED**.

(3) The parties shall notify the Court within seven (7) days of the Supreme Court's decision in Jones v. Hendrix, No. 21-857.

Signed: August 10, 2022

Robert J. Conrad, Jr.
United States District Judge