UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00691-RJC
(3:06-cr-00006-RJC-1)

| | |
|---|---|
| **JIMMY ALONZO WRIGHT,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Supreme Court's decision in Jones v. Hendrix, 599 U.S. ___ (2023).

On June 20, 2006, Petitioner Jimmy Alonzo Wright ("Petitioner") pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951, and one count of possessing and brandishing a firearm in furtherance of a crime of violence, Hobbs Act robbery, in violation of 18 U.S.C. § 924(c). [Criminal Case No. 3:06-cr-00006-RJC-1 ("CR"), Doc. 14 at 1: Plea Agreement; CR Doc. 15: Acceptance and Entry of Guilty Plea; see CR Doc. 1: Bill of Indictment]. At sentencing, the Court determined that Petitioner was an armed career criminal and a career offender and sentenced him to concurrent 180-month sentences on the Hobbs Act robbery and felon-in-possession convictions and a consecutive 84-month sentence on the § 924(c) conviction, for a total sentence of 264 months. [CR Doc. 25].

The Fourth Circuit affirmed Petitioner's conviction and sentence on direct appeal. [CR Doc. 38]. This Court denied Petitioner's 2012 motion to vacate pursuant to 28 U.S.C. § 2255,

which challenged his career offender status under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and his successive 2016 motion to vacate. [CR Docs. 40-41, 46-47]. In December 2019, relying on Simmons and United States v. Wheeler, 886 F.3d 415 (4th Cir 2018), Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241, challenging the 180-month ACCA sentence on his felon-in-possession conviction. [CV Doc. 1]. Petitioner claimed relief through the savings clause in 28 U.S.C. § 2255(e), because § 2255 was inadequate or ineffective to test the legality of his sentence. [See id. at 6-7, 10]. This Court dismissed Petitioner's petition, holding that it lacked jurisdiction because Petitioner could not satisfy the fourth Wheeler factor. That is, Petitioner could not show an error "sufficiently grave to be deemed a fundamental defect." [CV Doc. 9 at 10]. Petitioner appealed and the Fourth Circuit found that "an erroneous increase in the mandatory minimum constitutes grave error regardless of whether the defendant's sentence ultimately falls within the Guidelines range." [CV Doc. 14 at 4]. On May 11, 2022, the Fourth Circuit vacated and remanded the case for this Court to adjudicate Petitioner's § 2241 petition on the merits. [Id. at 5].

On May 16, 2022, the Supreme Court granted certiorari in Jones v. Hendrix, No. 21-857, to address whether savings clause relief extends to "new rules" of statutory interpretation, as provided in Simmons. In Hendrix, the Eighth Circuit held that 28 U.S.C. § 2255 was not inadequate or ineffective to test the legality of a prisoner's detention where the prisoner could not meet the requirements in 28 U.S.C. § 2255(h)(2) for filing a successive habeas petition because the "new rule" on which he relied was one of statutory interpretation, rather than constitutional law. Hendrix, 8 F.4th 683, 687-88 (8th Cir. 2021). The Court granted the Government's motion to stay pending Hendrix because, if the Supreme Court were to decide that the savings clause does not apply to new rules of statutory construction, this Court would not have jurisdiction to grant the

2

relief Petitioner seeks. [CV Docs. 17, 23]

Hendrix has now been decided. The Supreme Court held that 28 U.S.C. § 2255(e) does not allow a prisoner asserting an intervening change in interpretation of a criminal statute to circumvent AEDPA's restriction on second or successive § 2255 motions by filing a § 2241 habeas petition. The Court, therefore, will lift the stay in this matter and direct the Petitioner within 30 days of this Order to either file a supplemental memorandum explaining why he is still entitled to the relief he seeks or dismiss his petition.

**IT IS, THEREFORE, ORDERED** that the stay in this matter is hereby **LIFTED**.

**IT IS FURTHER ORDERED** that Petitioner shall either file a supplemental memorandum in accordance with the terms of this Order or dismiss his petition within 30 days of this Order.

Signed: June 26, 2023

Robert J. Conrad, Jr.
United States District Judge